JEFFER MANGELS BUTLER & MITCHELL LLP
ROD S. BERMAN (Bar No. 105444)
*rberman@jmbm.com*
JESSICA BROMALL SPARKMAN (Bar No. 235017)
*jbromall@jmbm.com*
1900 Avenue of the Stars, 7th Floor
Los Angeles, California 90067-4308
Telephone:   (310) 203-8080
Facsimile:    (310) 203-0567

JEFFER MANGELS BUTLER & MITCHELL LLP
GREGORY S. CORDREY (Bar No. 190144)
*gcordrey@jmbm.com*
3 Park Plaza, Suite 1100
Irvine, California 92614-2592
Telephone:  (949) 623-7200
Facsimile:   (949) 623-7202

Attorneys for Plaintiff Therabody, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DISTRICT

| | |
|---|---|
| THERABODY, INC., a Delaware corporation,,<br><br>                 Plaintiff,<br><br>        v.<br><br>NJOIE, a California company of unknown type; BOSS AUDIO SYSTEMS, a California company of unknown type; AVA ENTERPRISES, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>                 Defendants. | Case No. 2:21-cv-09726<br><br>**COMPLAINT FOR:**<br><br>**1.) FEDERAL FALSE DESIGNATION OF ORIGIN, 15 U.S.C. § 1125(a);**<br><br>**2.) FEDERAL UNFAIR COMPETITION, 15 U.S.C. § 1125(a)**<br><br>**3.) COMMON LAW TRADE DRESS INFRINGEMENT;**<br><br>**4.) INFRINGEMENT OF U.S. PATENT NOS. 10,918,565; 10,857,064**<br><br>**5.) UNFAIR BUSINESS PRACTICES, CAL. BUS. & PROF. CODE § 17200 *ET SEQ*.**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Therabody, Inc. ("Therabody") files this complaint against defendants Njoie, Boss Audio Systems, Ava Enterprises, Inc. and Does 1-10, inclusive (collectively "Defendants").

## THE PARTIES

1.     Therabody is, and at all times relevant hereto was, a corporation duly organized and existing under the laws of the state of Delaware, with its principal place of business at 6100 Wilshire Blvd., Ste. 200, Los Angeles, CA 90048.

2.     Therabody is informed and believes and, based thereon, alleges that defendant Njoie ("Njoie") is an unknown Oxnard, California-based entity, with offices at 3451 Lunar Court, Oxnard, California, 93030.

3.     Therabody is informed and believes and, based thereon, alleges that defendant Boss Audio Systems ("Boss") is an unknown Oxnard, California-based entity, with offices at 3451 Lunar Court, Oxnard, California, 93030.

4.     Therabody is informed and believes and, based thereon, alleges that defendant Ava Enterprises, Inc. ("Ava") is a California corporation with offices at 3451 Lunar Court, Oxnard, California, 93030.

5.     Therabody is ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sues these Defendants by such fictitious names and capacities. Therabody will amend this Complaint to allege their true names and capacities when ascertained, along with the appropriate charging allegations.

6.     Therabody is informed and believes and thereon alleges that Defendants are manufacturing, using, selling, or offering for sale within the United States, or importing into the United States the infringing massage gun products described below.

7.     Therabody is informed and believes and thereon alleges that each of the Defendants conspired and acted in concert with one or more other Defendants to commit the wrongs against Therabody alleged herein, and in doing so were at all

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  relevant times the agents, servants, employees, principals, joint venturers, alter egos,

2  and/or partners of each other. Therabody is further informed and believes and on that

3  basis alleges that, in doing the things alleged in this Complaint, each of the Defendants

4  was acting within the scope of authority conferred upon that Defendant by the

5  consent, approval, and/or ratification of one or more of the other Defendants.

6  **JURISDICTION AND VENUE**

7  8.    This is an action for (a) trade dress infringement under Section 43 of the

8  Lanham Act, 15 U.S.C. §1125; (b) trade dress infringement under the laws of the state

9  of California; (c) patent infringement under the patent laws of the United States, 35

10  U.S.C. § 271; and (d) unfair competition pursuant to California Business and

11  Professions Code Section 17200, *et seq*.

12  9.    This Court has subject matter jurisdiction over the trade dress and patent

13  claims in this action pursuant to 28 U.S.C. §1338(a) and 15 U.S.C. §1121. This Court

14  has supplemental jurisdiction over the remaining state law claims under 28 U.S.C.

15  §1367 because the claims are so related to Therabody's claims under federal law that

16  they derive from a common nucleus of operative fact and form part of the same case

17  or controversy.

18  10.    This Court has personal jurisdiction over Defendants because each of

19  them has committed and continues to commit acts of infringement in violation of 15

20  U.S.C. § 1125 and 35 U.S.C. § 271, and places infringing products into the stream of

21  commerce, with knowledge or understanding that such products are sold in the State

22  of California, including in this judicial district.  The acts of Defendants cause injury

23  to Therabody within this judicial district.

24  11.    Upon information and belief, Defendants derive substantial revenue

25  from the sale of infringing products within the State of California, including this

26  judicial district, expect their actions to have consequences within this district, and

27  derive substantial revenue from interstate and international commerce.

28  12.    Upon information and belief, Defendants sell substantial amounts of

infringing products to consumers who reside within the State of California through its internet-based ecommerce website and internet websites operated by others, such as Amazon.com and https://njoie.com/products/nforce.

13.     Venue is proper in this judicial district under 28 U.S.C. § 1391(b) and (c) and § 1400(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, Defendants have offices in this District, and Defendants have committed and continue to commit infringing acts, including, without limitation, using their infringing trade dress to market and sell the infringing products to consumers located within this judicial district.  Further, on information and belief, an appreciable portion of Defendants' customers reside in Los Angeles. In addition, venue is proper because Therabody's principal place of business is in this judicial district and Therabody suffered harm in this judicial district.

## **GENERAL ALLEGATIONS**

14.     Therabody is in the business of developing, manufacturing, and selling high-quality, innovative percussive therapy devices and attachments therefor. Therabody invests considerable time, effort and money in developing and protecting its intellectual property, including patenting its innovative products.

15.     Since at least as early as May 31, 2015, Therabody has used a distinctive blue color in presenting its trademarks, in its marketing and advertising, and on its massage gun products.

16.     As a result of the use of its distinctive blue color, Therabody has developed trade dress rights in the blue color, the use of which is pervasive on Therabody's website, advertising, and as applied to its massage gun products and packaging as specifically described below (the "Trade Dress").

17.     Therabody's distinctive blue color used to depict textual elements on black product packaging, as shown, for example, in the images below:

  

18.     Therabody has applied its distinctive blue color to substantially all of the handle portion of its massage gun product, as shown in the image below.



19.     Therabody has also applied its distinctive blue color to the entirety of the inner side of the handle portion of its massage gun product, as shown below:



20.     Therabody has applied its distinctive color blue as an accent color on its massage gun products, as shown in the images below, namely, in a band encircling the arm to which the massage head attachments are attached and to the circle above said arm.

JMBM | Jeffer Mangels
Butler & Mitchell LLP

   

21.   The Trade Dress, namely, the application of a distinctive color of blue to various parts of its products or packaging, is not functional: it does not provide a utilitarian advantage, a plethora of alternatives colors are available for use, and its use is not the result of a simple or inexpensive method of manufacture. Therabody selected and uses the color blue for the purpose of identifying its products and distinguishing them from the products of third parties.

22.   The Trade Dress is either inherently distinctive, or, through Therabody's continuous use and promotion, has acquired distinctiveness, and the Trade Dress is uniquely associated with Therabody and its massage gun products.  Therabody has used its unique color blue continuously since it launched its first massage gun product. The blue accents, described above, are consistently applied to Therabody products, and Therabody's use of the color blue is consistent and pervasive.

23.   Therabody has sold millions of dollars of products bearing its distinctive color blue. It has spent millions of dollars to promote its products bearing its distinctive color blue. Therabody products bearing the Trade Dress and/or Therabody's distinctive blue color are used by numerous celebrities and professional athletes, have been the subject of extensive press and advertising, and have been used on the field during a Super Bowl and on the court during the NBA Finals. As a result of Therabody's extensive advertising and promotion and the widespread, and high profile, use of Therabody's Trade Dress, including as described above, Therabody's Trade Dress is associated by the public exclusively with Therabody and its products and is used by the public as an indicator of the origin and quality of Therabody's massage gun products.

24.     Additionally, Defendants' have copied Therabody's Trade Dress, as have third parties.  Such copying is further evidence that Therabody's Trade Dress has secondary meaning.

25.     As is apparent from the images of Defendants' product set forth in Paragraph 33, below, Defendants are using a virtually identical blue color on their massage gun products. In fact, apparently recognizing the strength and value of Therabody's Trade Dress, Defendants have applied the blue color to their products in the same manner and similar positions as that blue color is applied to the Therabody products.

26.     Both parties' goods are massage guns; thus the goods are legally identical and directly competitive.  It follows that the consumers and the channels of trade and marketing are the same for both parties.  Additionally, both parties are selling their products through online retail platforms.

27.     The Therabody Trade Dress is a strong mark, for the same reasons discussed in Paragraphs 15-24, above.

28.     It is evident that, perhaps recognizing the strength and value of the Therabody Trade Dress, Defendants have intentionally and deliberately attempted to replicate it on their competing products.

29.     In view of the foregoing, Defendants' application of the same blue color to the same products in virtually the same location and the same positions as that blue color is applied to the Therabody products is likely to cause confusion or mistake, or to deceive members of the public into believing that Defendants' massage gun products are approved, sponsored, endorsed, or licensed by, or affiliated, connected or otherwise associated with Therabody, which is not the case.  Such confusion, mistake, or deception will inevitably continue after the sale of the products, as consumers continue to encounter Defendants' infringing products at gyms, in therapists or doctors' offices, or in other post-sale contexts, and as a result of such

1  post-sale confusion the harm to Therabody's reputation will continue and be
2  amplified.

3  Therabody's Patents

4      30.    Therabody is the owner of United States Patent Number 10,918,565,
5  entitled "Percussive massage device and method of use" (hereinafter the "'565
6  Patent"), issued on February 16, 2021, a true and correct copy of which is attached
7  hereto as Exhibit A. The '565 Patent pertains to a vibrating massage device or
8  percussive massage device that provides reciprocating motion. The '565 Patent is
9  presumed to be valid and is *prima facie* proof that the inventions claimed in the '565
10 Patent are novel and non-obvious.

11     31.    Therabody is the owner of United States Patent Number 10,857,064,
12 entitled "Percussive Therapy Device" (hereinafter the "'064 Patent"), issued on
13 December 8, 2020, a true and correct copy of which is attached hereto as Exhibit B.
14 The '064 Patent pertains to a percussive massage device and method of using a
15 percussive massage device. The '064 Patent is presumed to be valid and is *prima facie*
16 proof that the inventions claimed in the '064 Patent are novel and non-obvious.

17     32.    Therabody's patented and patent-pending devices are innovative and
18 have received industry praise and recognition, including the 2019 A' Design Award
19 in Digital and Electronic Devices Design for its Therabody G3PRO design.

20     33.    Therabody is informed and believes and based thereon alleges that
21 Defendants began competing with Therabody in the percussive massage device
22 industry by manufacturing and selling percussive massage devices infringing the
23 Asserted Patents. Specifically, Defendants are marketing, promoting, advertising,
24 using, selling, offering to sell, and/or importing the infringing device, the "NFORCE,"
25 shown below (the "Infringing Product").

26
27
28



34.     The Infringing Product is integral to Defendants' product offering as shown from the Defendants' website at https://njoie.com/products/nforce.  From this, it is apparent that Defendants have been actively advertising the Infringing Product, touting the products throughout a variety of markets and to numerous audiences, including on Amazon.[1]  Therabody is informed and believes that Defendants sell their Infringing Product in the same marketing channels as Therabody, including online through their respective websites and through social media advertising.

35     On October 29, 2021, Therabody notified Defendant Njoie by letter that the Infringing Product was infringing Therabody's '565 and '064 patents and demanded that Defendant immediately cease and permanently discontinue all manufacture, offer for sale, sale, use and importation of the Infringing Product.

36     Notwithstanding Therabody's demand and in conscious disregard of Therabody's intellectual property rights as set forth herein, Defendants have continued to offer for sale and sell the Infringing Product.

---

[1] *See* https://www.amazon.com/NFORCE-Handheld-Rechargeable-Electric-Percussion/dp/B08B2TCYZF/ref=sr_1_1?keywords=nforce&qid=1639111841&sr=8-1.

## FIRST CAUSE OF ACTION

### False Designation of Origin, 15 U.S.C. § 1125(a)

(Against All Defendants)

30.     Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.  Therabody uses its Trade Dress in commerce on and in connection with its percussive massage devices, accessories therefor, and the advertising and promotion of the same.  Therabody's Trade Dress, described above, is comprised of distinctive features which are protected under Lanham Act § 43(a). Therabody's Trade Dress is either inherently distinctive or, as a result of its use, has acquired secondary meaning whereby the relevant consuming public and the trade associate these features with a single source.

31.     As described above, Defendant has used in commerce trade dress that is confusingly similar to Therabody's unique and protectable Trade Dress (hereinafter the "Infringing Trade Dress"), on and in connection with their sale of massage gun products and accessories therefor, including the use of a blue band encircling the arm to which the massage head attachments are attached to the Infringing Product.

32.     Defendants' conduct alleged herein constitutes a false designation of origin and/or a false or misleading description and/or representation of fact, which is likely to deceive or to cause confusion or reverse confusion or mistake among consumers as to the origin, sponsorship, or approval of the Defendants' goods and services and/or deceive or to cause confusion or mistake among consumers as to the affiliation, connection, or association between Defendant and Therabody.

33.     Defendants' conduct described herein was knowing, willful, intentional, deliberate, and in total disregard of Therabody's rights. The knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

34.     As a direct and proximate cause of Defendants' unlawful, intentional, and willful conduct, Therabody has been and will continue to be irreparably harmed

unless Defendant is permanently enjoined from such unlawful conduct. Therabody has no adequate remedy at law. Unless enjoined, Defendant will continue to mislead and confuse consumers as to the origin, sponsorship, or approval of Defendants' goods and services and/or deceive or cause confusion or mistake among consumers as to the affiliation, connection, or association between Defendant and Therabody.

35.    Therabody lacks an adequate remedy at law.  In light of the foregoing, Therabody is entitled to a  permanent injunction prohibiting Defendant from using the Infringing Trade Dress, and any marks or trade dress confusingly similar to the Trade Dress, and to recover from Defendant all damages that Therabody has sustained and will sustain, and all gains, profits, and advantages obtained by Defendant as a result of their infringing acts alleged above in an amount  not  yet known, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

36.    Pursuant to 15 U.S.C. § 1118, Plaintiff is entitled to, and hereby seeks, an order for the destruction of all materials bearing the Infringing Trade Dress, or any other trade dress confusingly similar to Therabody's Trade Dress.

## SECOND CAUSE OF ACTION

### Federal Unfair Competition, 15 U.S.C. § 1125(a)

(Against All Defendants)

37.    Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

38.    Defendants have deliberately and willfully attempted to capitalize on Therabody's goodwill and reputation established in connection with the Therabody Trade Dress by misleading, confusing, or deceiving consumers as to source, source, origin, affiliation, approval, sponsorship, and/or association, including by copying and using each element of the Trade Dress.

39.    Defendants have engaged in, and continue to engage in, their unlawful, intentional, and willful conduct without Therabody's permission or consent.

40.     As a direct and proximate cause of Defendants' unlawful, intentional, and willful conduct, Therabody has been and will continue to be irreparably harmed unless Defendants are permanently enjoined from such unlawful conduct. Therabody has no adequate remedy at law. Unless enjoined, Defendant will continue its unlawful, intentional, and willful conduct.

41.     In light of the foregoing, Therabody is entitled to a permanent injunction prohibiting Defendant from using the Infringing Trade Dress, and any marks or trade dress confusingly similar to the Trade Dress, and to recover from Defendant all damages that Therabody has sustained and will sustain, and all gains, profits, and advantages obtained by Defendants as a result of its infringing acts alleged above in an amount not yet known, and the costs of this action pursuant to 15 U.S.C. § 1117(a).

42.     Pursuant to 15 U.S.C. § 1118, Therabody is entitled to, and hereby seeks, an order for the destruction of all materials bearing the Infringing Trade Dress, or any other trade dress confusingly similar to the Trade Dress.

43.     As this is an exceptional case, given Defendants' willful acts, pursuant to 15 U.S.C. § 1117(a), Therabody is further entitled to three times the amount of the above profits or damages, whichever is greater, and their attorneys' fees.

### THIRD CAUSE OF ACTION

**Common Law Trade Dress Infringement**

(Against All Defendants)

44.     Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

45.     Defendants' acts constitute common law trade dress and trademark infringement and unfair competition under state law.

46.     Therabody has been damaged and will continue to be damaged by Defendants' infringing activities.

47.     Therabody has no adequate remedy at law and is entitled to an injunction prohibiting Defendants from continuing the infringing practices described herein, and a recall order directed to the infringing items in the marketplace.

48.     Therabody is also entitled to profits and damages arising from Defendants' wrongful use of Plaintiff's Trade Dress.

Therabody is informed and believes, on that basis alleges, that Defendants' conduct was willful, wanton, malicious, and in conscious disregard of Therabody's rights, thereby justifying an award of punitive and/or exemplary damages in an amount according to proof at trial.

## FOURTH CAUSE OF ACTION

### Patent Infringement of the '565 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

37.     Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

38.     At all times herein mentioned the '565 Patent was and is valid and fully enforceable.

39.     Defendants are offering percussive massage devices that infringe at least claim 1 of the '565 Patent, including at least the Infringing Product.

40.     The Infringing Product is a percussive massage device.

41.     As shown below, the Infringing Product includes a housing wherein the housing includes first, second and third handle portions that cooperate to at least partially define a handle opening, wherein the first handle portion defines a first axis, the second handle portion defines a second axis and the third handle portion defines a third axis, wherein the first, second and third axes are co-planar.



42.  As shown below in an image copied from Njoie's website[2], the Infringing Product includes that the first handle portion is generally straight, the second handle portion is generally straight, and the third handle portion is generally straight, such that a user can grasp any of the first, second or third handle portions independently to use the percussive massage device.

**Ergonomic Multi-Grip Design**

The NFORCE massage gun is efficiently designed with an easy and comfortable multi-grip that allows you to hold it in different angles to better target specific points on your body.

44.  Defendants' infringe literally or under the doctrine of equivalents, or both.

<hr>

[2] Accessed from https://njoie.com/products/nforce on December 9, 2021.

45.     On information and belief, at least since Plaintiff's October 29, 2021 letter, Defendants have knowingly and actively induced the infringement of one or more of the '565 Patent claims by, inter alia, marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '565 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '565 Patent.

46.     On information and belief, at least since Plaintiff's October 29, 2021 letter, Defendants have contributed to the infringement of the '565 Patent by their customers and users of the Infringing Product by, inter alia, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '565 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '565 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '565 Patent. Defendants continue to engage in acts of contributory infringement of the '565 Patent even after receiving notice of its contributory infringement.

47.     At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '565 Patent.

48.     Therabody has been damaged by Defendants' acts of infringement of the '565 Patent and Therabody will continue to be damaged by such infringement unless enjoined by this Court. Therabody is entitled to recover damages adequate to compensate for the infringement under 35 U.S.C. § 284.

49.    Therabody is, and has been, irreparably harmed by Defendants' on-going infringement including the following harm which cannot be quantified or recouped through monetary damages: (1) lost market share that will be difficult, if not impossible, to recoup later as the Infringing Product becomes entrenched with retail sellers and trainers who recommend them to their clients, (2) loss of first mover advantage that Therabody enjoyed as the first company to offer its innovative and patented percussive devices, (3) loss of Therabody's investment in developing the market for percussive devices, (4) negative effect on its reputation as innovator and pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion due to Defendants' Infringing Product being sold at a price point lower than Therabody's patented products, (7) diversion of resources to defend against loss of market share caused by sales of the Infringing Product, and (8) Defendants' unauthorized sales that are enticing others to offer for sale and sell infringing attachments that leads to additional irreparable harm described above. Defendants' acts of infringement have been, and continue to be, willful and deliberate and therefore warrant the award of attorneys' fees pursuant to 35 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

### FIFTH CAUSE OF ACTION

### Patent Infringement of the '064 Patent, 35 U.S.C. §§ 101 et seq.

(Against All Defendants)

50.    Therabody realleges and incorporates by reference all foregoing paragraphs as if fully set forth herein.

51.    At all times herein mentioned the '064 Patent was and is valid and fully enforceable.

52.    Defendants are offering percussive massage devices that infringe at least claim 19 of the '064 Patent, including at least the Infringing Product.

53.    As shown below, Defendants' First Infringing Product is used by Defendants and their customers to perform a method of using a percussive massage

device, wherein the percussive massage device includes a housing that includes first, second and third handle portions that cooperate to at least partially define a handle opening, an electrical source, a motor positioned in the housing, a switch for activating the motor, and a push rod assembly operatively connected to the motor and configured to reciprocate in response to activation of the motor, wherein the first handle portion defines a first axis, the second handle portion defines a second axis and the third handle portion defines a third axis.



54.     As shown below, the Infringing Product includes the first handle portion includes a first handle portion interior edge and defines a first handle portion length, wherein the first handle portion length is long enough that when a user grasps the first handle portion with a hand at least a portion of three fingers extend through the handle opening and contact the first handle portion interior edge, wherein the second handle portion includes a second handle portion interior edge and defines a second handle portion length, wherein the second handle portion length is long enough that when a user grasps the second handle portion with a hand at least a portion of three fingers extend through the handle opening and contact the second handle portion interior edge, wherein the third handle portion includes a

third handle portion interior edge and defines a third handle portion length, wherein the third handle portion length is long enough that when a user grasps the third handle portion with a hand at least a portion of three fingers extend through the handle opening and contact the third handle portion interior edge.



55.     The Infringing Product is used by activating the motor using the switch, grasping the first handle portion using a first hand, massaging a first body part, reorienting the percussive massage device, grasping the second handle portion using the first hand and massaging the first body part or a second body part, and reorienting the percussive massage device, grasping the third handle portion using the first hand and massaging the first body part, the second body part or a third body part.

56.     As shown below, the Infringing Product includes a first handle portion, second handle portion and third handle portion that are generally straight.



18
COMPLAINT

Case No. 2:21-cv-09726

57.     Defendants' infringe literally or under the doctrine of equivalents, or both.

58.     On information and belief, at least since Plaintiff's October 29, 2021 letter, Defendants have knowingly and actively induced the infringement of one or more of the '064 Patent claims by, inter alia, marketing, promoting, and offering for use the Infringing Product, knowingly and intending that the use of the Infringing Product by Defendants' customers and by users infringes the '064 Patent. For example, Defendants intend to induce such infringement by, among other things, promoting users to purchase and use the Infringing Product knowing that its purchase and use infringes one or more claims of the '064 Patent.

59.     On information and belief, at least since Plaintiff's October 29, 2021 letter, Defendants have contributed to the infringement of the '064 Patent by their customers and users of the Infringing Product by, inter alia, making, offering to sell, selling and/or importing into the United States, a component of a patented machine, manufacture or combination, or an apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in infringing the '064 Patent. The Infringing Product is not a staple article or commodity of commerce suitable for substantial non-infringing use and is known by Defendants to be especially made or especially adapted to the infringe the '064 Patent. As a result, Defendants' Infringing Product has been used by its customers and by users to infringe the '064 Patent. Defendants continue to engage in acts of contributory infringement of the '064 Patent even after receiving notice of its contributory infringement.

60.     At no time has Therabody granted Defendants authorization, license, or permission to utilize the design claimed in the '064 Patent.

61.     Therabody has been damaged by Defendants' acts of infringement of the '064 Patent and Therabody will continue to be damaged by such infringement unless

JMBM | Jeffer Mangels Butler & Mitchell LLP

1  enjoined by this Court. Therabody is entitled to recover damages adequate to
2  compensate for the infringement under 35 U.S.C. § 284.

3      62.   Therabody is, and has been, irreparably harmed by Defendants' on-going
4  infringement including the following harm which cannot be quantified or recouped
5  through monetary damages: (1) lost market share that will be difficult, if not
6  impossible, to recoup later as the Infringing Product becomes entrenched with retail
7  sellers and trainers who recommend them to their clients, (2) loss of first mover
8  advantage that Therabody enjoyed as the first company to offer its innovative and
9  patented percussive devices, (3) loss of Therabody's investment in developing the
10 market for percussive devices, (4) negative effect on its reputation as innovator and
11 pioneer, (5) the unquantifiable effect on lost sales of related products, (6) price erosion
12 due to Defendants' Infringing Product being sold at a price point lower than
13 Therabody's patented products, (7) diversion of resources to defend against loss of
14 market share caused by sales of the Infringing Product, and (8) Defendants'
15 unauthorized sales that are enticing others to offer for sale and sell infringing
16 attachments that leads to additional irreparable harm described above.

17     63.   Defendants' acts of infringement have been, and continue to be, willful
18 and deliberate and therefore warrant the award of attorneys' fees pursuant to 35
19 U.S.C. § 285 and the award of enhanced damages pursuant to 35 U.S.C. § 284.

**SIXTH CAUSE OF ACTION**

**State Unfair Business Practices**

**(Cal. Bus. & Prof. Code § 17200)**

23     64.   Therabody realleges and incorporates by reference all paragraphs above
24 as if fully set forth herein.

25     65.   Defendants' acts of trade dress and patent infringement alleged herein
26 constitute unlawful, unfair and fraudulent business practices and misleading
27 advertising pursuant to Cal. Bus. & Prof. Code § 17200.

28

JMBM | Jeffer Mangels Butler & Mitchell LLP

66.    Therabody has been damaged and will continue to be damaged by Defendants' unlawful, unfair and fraudulent business practices and misleading advertising, as described above.

67.    Pursuant to Cal. Bus. & Prof. Code § 17200, Plaintiff is entitled to an injunction prohibiting Defendants from continuing the practices described above, and restitution of all amounts acquired by Defendants by means of such wrongful acts.

## **PRAYER FOR RELIEF**

WHEREFORE, Therabody prays for judgment as follows:

A.    For an order that, by the acts complained of herein, Defendants have infringed Therabody's trade dress rights, in violation of 15 U.S.C. § 1125;

B.    For an order finding that Therabody's Trade Dress is valid and protectable and that, by the acts complained of herein, Defendants have infringed Therabody's rights in the Trade Dress;

C.    For an order temporarily, preliminarily and permanently enjoining Defendants, and all of their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all others acting in concert or participation with any of them, from using from using the Infringing Trade Dress, and any marks or trade dress confusingly similar to any of Therabody's Trade Dress, or engaging in further acts of unfair competition or trademark or trade dress infringement;

D.    For an order finding that the Asserted Patents, and each of them, are valid and enforceable;

E.    For an order finding that Defendants have infringed the Asserted Patents directly, contributorily, and/or by inducement, literally or by equivalents, in violation of 35 U.S.C. § 271;

F.    For an order temporarily, preliminarily and permanently enjoining Defendants, their officers, directors, agents, servants, affiliates, employees, subsidiaries, divisions, branches, parents, attorneys, representatives, privies, and all

others acting in concert or participation with any of them, from infringing the Asserted Patents directly, contributorily and/or by inducement, or otherwise engaging in acts of unfair competition;

G.     For a judgment directing that any products in the possession, custody or control of Defendants which infringe any of the Asserted Patents, any of the Therabody Trade Dress be delivered up and destroyed within 30 days of entry of judgment;

H.     For a judgment directing Defendants to recall all such infringing products and any other materials sold, distributed, advertised or marketed which infringe any of the Asserted Patents, any of the Therabody Trade Dress;

I.     For an order directing Defendants to file with the Court, and serve upon Therabody's counsel, within thirty (30) days after entry of the order of injunction, a report setting forth the manner and form in which each of them has complied with the injunction;

J.     For an order that, by the acts complained of herein, Defendants have infringed Therabody's common law trademark and trade dress rights and/or engaged in acts of common law unfair competition against Therabody;

K.     For an order finding that Defendants' conduct alleged herein was willful and intentional and in conscious disregard of Therabody's rights;

L.     For compensatory damages in an amount to be proven at trial, including disgorgement of profits or gains of any kind made by Defendants from their infringing acts, lost profits and/or reasonable royalty, in amounts to be fixed by the Court in accordance with proof, including general, statutory, enhanced, exemplary, treble, and/or punitive damages, as appropriate;

M.     For treble damages pursuant to 15 U.S.C. § 1117;

N.     For an accounting and restitution and disgorgement of all payments, profits, and revenues Defendants obtained as a result of their wrongful conduct, in an amount to be proven at trial, including pursuant to 15 U.S.C. § 1117;

O.     For an order finding that this is an exceptional case, and awarding Plaintiff's reasonable attorney's fees according to proof;

P.     For an order awarding Therabody its costs of court; and

Q.     For such other and further relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED:  December 16, 2021          JEFFER MANGELS BUTLER &
                                   MITCHELL LLP
                                   ROD S. BERMAN
                                   JESSICA BROMALL SPARKMAN
                                   GREGORY S. CORDREY


By:      */s/ Gregory S. Cordrey*
        _____
         GREGORY S. CORDREY
         Attorneys for Plaintiff THERABODY,
         INC.